**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Vivorte, Inc., | Case No. 24-cv-1040 (DWF/DLM) |
| Plaintiff, | |
| v. | **ORDER TO AMEND COMPLAINT TO ADEQUATELY PLEAD SUBJECT-MATTER JURISDICTION** |
| Jagi Gill, | |
| Defendant. | |

---

This matter is before the Court on Plaintiff Vivorte, Inc.'s ("Vivorte") complaint filed against Defendant Jagi Gill. (Doc. 1.) In its complaint, Vivorte alleges that "[t]his Court has subject-matter jurisdiction because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a)." (*Id.* ¶ 3.)

Subject-matter jurisdiction is a threshold requirement for federal-court litigation; without subject-matter jurisdiction, a federal court cannot hear a case. *See e.g.*, *Cath. Mut. Relief Soc'y of Am. v. Arrowood Indem. Co.*, 334 F. Supp. 3d 986, 992 (D. Minn. 2018) (citing *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992)). Federal courts must inquire into subject-matter jurisdiction, even if no party has raised the issue. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, U.S. 574, 583 (1999)); *Nyffeler Const., Inc. v. Sec'y of Lab.*, 760 F.3d 837, 841 (8th Cir. 2014) (citing *Arbaugh*, 546 U.S. at 514)*; Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir.

2014). Adhering to this obligation, the Court considers the adequacy of the subject-matter jurisdiction pleading here.

Plaintiff asserts that this Court has subject-matter jurisdiction over this case based on 28 U.S.C. § 1332 (diversity of citizenship jurisdiction). (Doc. 1 ¶ 3.) Title 28 U.S.C. § 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). A party asserting subject-matter jurisdiction based on diversity of citizenship must establish, with specificity in the pleadings, the citizenship of the parties. *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).

Turning to the pleadings, Vivorte alleges that subject-matter jurisdiction is present based on diversity of citizenship between the parties because "Vivorte, Inc. is a Delaware corporation having its principal place of business [in] Kentucky" and "Jagi Gill is an individual resident of Minnesota." (Doc. 1 ¶¶ 1–2.) Such pleadings, however, cannot establish subject-matter jurisdiction based on diversity of citizenship.

For parties that are individual persons—such as Mr. Gill is here—being a "resident" is not the same as being a "citizen" of a state for federal diversity jurisdiction. *See Reece*, 760 F.3d at 778 ("Because of this ambiguity in the word 'resident'—as compared to 'citizen' . . . —we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state."). This makes sense because, as the Eighth Circuit explained, "one may be a resident of multiple states in

2

addition to the state of citizenship." *Id.* Therefore, the Court finds that Plaintiff has not adequately pleaded Mr. Gill's citizenship by alleging the state where he is a "resident."

Courts have the discretion to allow a party to amend a pleading when that party fails to adequately establish the existence of diversity jurisdiction. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms in the trial or appellate courts."); *see also Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 646 (8th Cir. 2021). Therefore, this Court will use its discretion to allow Vivorte to amend its complaint to adequately plead subject-matter jurisdiction. If Vivorte fails to do so, this Court will recommend this case be dismissed for lack of subject-matter jurisdiction. *Cath. Mut. Relief Soc'y of Am.*, 334 F. Supp. 3d at 992.

Accordingly, based on all the files, records, and proceedings above, **IT IS ORDERED** that:

1. Within **14 days** of the date of this Order, Plaintiff must file an amended complaint that complies with the requirements of 28 U.S.C. § 1332; and

2. If Plaintiff fails to adequately plead subject matter jurisdiction, this Court will recommend dismissal without prejudice.

Date: March 26, 2024                           *s/Douglas L. Micko*
                                               DOUGLAS L. MICKO
                                               United States Magistrate Judge