UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VIVORTE, INC., | Case No. 24-cv-1040 (DWF/DLM) |
| Plaintiff, | |
| vs. | **ANSWER TO FIRST AMENDED COMPLAINT** |
| JAGI GILL, | |
| Defendant. | |

Defendant Jagi Gill ("Defendant"), by and through his undersigned counsel, hereby makes the following Answer to Plaintiff Vivorte, Inc.'s First Amended Complaint (the "Complaint"). Defendant denies each and every allegation contained in the Complaint unless specifically admitted, qualified, or otherwise answered below.

## PARTIES

1. Upon information and belief, Defendant admits the allegations in paragraph 1.

2. Answering paragraph 2, Defendant admits that he resides in and is a citizen of Minnesota. Defendant denies the remaining allegations in paragraph 2.

## JURISDICTION & VENUE

3. Answering paragraph 3, upon information and belief, Defendant admits that he and Plaintiff are citizens of different states. Defendant denies the remaining allegations in paragraph 3.

4. Defendant admits that venue is proper in this District.

## FACTUAL ALLEGATIONS

5. Upon information and belief, Defendant admits allegations in paragraph 5.

6. Answering paragraph 6, upon information and belief, Defendant admits that Plaintiff's Fortera and Trabexus products are biologic and have expiration dates. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and, therefore, denies the same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and, therefore, denies the same.

8. Answering paragraph 8, Defendant admits that he was formerly employed by Acumed LLC, a manufacturer and distributor of medical devices. Defendant denies the remaining allegations in paragraph 8.

9. Defendant admits the allegations in paragraph 9.

10. Defendant admits that Mark Wagner ("Wagner") was the primary negotiator for Plaintiff. Defendant states that he discussed or negotiated aspects of the Agreement with representatives of Plaintiff, including with Wagner. Defendant denies the remaining allegations in paragraph 10.

11. Answering paragraph 11, Defendant states that drafts and communications were exchanged between Acumed, including himself, and Plaintiff. Defendant states that the remaining allegations in paragraph 11 consist of characterizations of email messages and documents that speak for themselves. Defendant denies any allegations in paragraph 11 that are inconsistent with the same.

12. Defendant states that the allegations in paragraph 12 consist of characterizations of an email message and attachment that speaks for themselves. Defendant denies any allegations in paragraph 12 that are inconsistent with the same.

13. Defendant states that the allegations in paragraph 13 consist of characterizations of an email message that speaks for itself. Defendant denies any allegations in paragraph 13 that are inconsistent with the same.

14. Defendant states that the allegations in paragraph 14 consist of characterizations of an email message and a document that speak for themselves. Defendant denies any allegations in paragraph 14 that are inconsistent with the same.

15. Defendant states that the allegations in paragraph 15 consist of characterizations of email messages and documents that speak for themselves. Defendant denies any allegations in paragraph 15 that are inconsistent with the same.

16. Defendant states that the allegations in paragraph 16 consist of characterizations of an email message and documents that speak for themselves. Defendant denies any allegations in paragraph 16 that are inconsistent with the same. Answering the allegation in paragraph 16 regarding why "Wagner added a table," Defendant states that he is without knowledge or information sufficient to form a belief as to such allegation and, therefore, denies the same.

17. Defendant states that the allegations in paragraph 17 consist of characterizations of an email message and a document that speak for themselves. Defendant denies any allegations in paragraph 17 that are inconsistent with the same.

18. Defendant states that the allegations in paragraph 18 consist of characterizations of an email message and a document that speak for themselves. Defendant denies any allegations in paragraph 18 that are inconsistent with the same. Answering the allegation in paragraph 18 regarding his purpose in communicating with Plaintiff, Defendant states that he was working to finalize an agreement between Acumed and Plaintiff. Defendant denies the remaining allegations in paragraph 18.

19. Answering paragraph 19, Defendant states that Acumed invited Wagner to its sales meeting in California. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, therefore, denies the same.

20. Answering paragraph 20, Defendant admits that he and Wagner had lunch in California. Defendant denies the remaining allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Answering paragraph 23, Defendant states that he communicated with Alicia Law, a shared assistant at Acumed, including through written communications and documents that speak for themselves. Defendant denies the remaining allegations in paragraph 23, including any allegations that are inconsistent with any written communications and documents.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26 that he allegedly "orchestrated" anyone's actions. Defendant states that the remaining allegations in paragraph 26 consist of characterizations of an email message and a document that speak for themselves. Defendant denies the remaining allegations in paragraph 26, including any characterizations that are inconsistent with the same.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations regarding him or his alleged actions in paragraph 30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and, therefore, denies the same.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Wagner's signature in paragraph 31 and, therefore, denies the same. Defendant states that the remaining allegations in paragraph 31 consist of characterizations of email messages and a document that speak for themselves. Defendant denies any characterizations in paragraph 31 that are inconsistent with the same.

32. Defendant states that the allegations in paragraph 32 consist of characterizations of an email message that speak for itself. Defendant denies any characterizations in paragraph 32 that are inconsistent with the same.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the factual allegations in paragraph 36. The remainder of the allegations in paragraph 36 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in paragraph 36.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and, therefore, denies the same.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

## COUNT ONE – FRAUD AND FRAUDULENT INDUCEMENT

40. Defendant restates and reaffirms the preceding paragraphs of this Answer by reference.

41. Defendant denies the allegations in paragraph 41 and its subparagraphs 41a-41e.

42. Defendant states that the allegations in paragraph 42 and its subparagraphs 42a-42f consist of legal conclusions to which no response is required. To the extent a response is required, including if such allegations are construed to be factual, Defendant denies the same.

43. Defendant denies the factual allegations in paragraph 43. Defendant states that the remaining allegations in paragraph 43 consist of legal conclusions to which no

response is required. To the extent a response is required, Defendant denies the remaining allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 45 and, therefore, denies the same. Defendant states that the remaining allegations in paragraph 45 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in paragraph 45.

46. Defendant states that the allegations in paragraph 46 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 46.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief that it seeks and affirmatively states that Plaintiff is responsible for its own attorneys' fees and Defendant's attorney fees.

## DEFENDANT' AFFIRMATIVE DEFENSES

Defendant set forth the following defenses and affirmative defenses. Defendant does not assume the burden of proof with respect to those matters to which, pursuant to law, Plaintiff bears the burden.

1. Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims and requests for relief are barred or limited under the doctrines of unclean hands, estoppel, consent, and/or in pari delicto.

3. Plaintiff claims are barred because they were not pleaded with particularity.

4. Plaintiff's claims and requests for relief are barred based on Plaintiff's waiver, novation, accord, and based on its subsequent actions and agreements with third parties, including Acumed.

5. Defendant's actions with respect to Plaintiff were lawful, taken in good faith, justified, excused, and/or privileged.

6. To the extent that Plaintiff has suffered harm, injury or damages, Defendant is neither the direct nor the proximate cause of that harm or injury or those damages.

7. Any harm, injury, or damages suffered by Plaintiff are the result of Plaintiff's own actions or inactions, or the actions or inactions of third parties, for which Defendant is not responsible.

8. Plaintiff has failed to mitigate any harm, injury or damages it alleges it suffered and its damages are limited under the head start doctrine.

9. To the extent that any defenses of Rule 8 of the Federal Rules of Civil Procedure or other applicable law may apply or become apparent during the course of discovery, Defendant presently assert them and reserves their right to amend this Answer to more specifically assert them.

**WHEREFORE**, Defendant respectfully request that judgment be entered in their favor and against Plaintiff as follows:

1. Dismissing the Complaint against Defendant, with prejudice;

2. Awarding Defendant his costs, disbursements, and attorneys' fees incurred in this action; and

3. Awarding Defendant such other and further relief as the Court may deem equitable, just, and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demand a jury trial of this matter pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 29, 2024                **CROSSCASTLE PLLC**

By:   s/Samuel W. Diehl
     Samuel W. Diehl (#388371)
     Christopher R. Johnson (#0402005)
333 Washington Avenue N.
Ste 300-9078
Minneapolis, MN 55401
P: (612) 429-8100
F: (612) 234-4766
Email:   sam.diehl@crosscastle.com
       christopher.johnson@crosscastle.com

***ATTORNEYS FOR DEFENDANT***
***JAGI GILL***

4886-0997-2922, v. 3