UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

VIVORTE, INC.,

          Plaintiff,

v.

JAGI GILL,

          Defendant.

---

Civil No. 24-CV-1040 (DWF/DLM)

**JOINT RULE 26(f) REPORT**

      The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on May 24, 2024, and prepared the following report.

      The initial pretrial conference in this matter is scheduled for June 6, 2024, before United States Magistrate Judge Douglas L. Micko via Zoom – audio only.

## DESCRIPTION OF CASE

      1. Concise factual summary of Plaintiff's claims;

      Defendant Jagi Gill was Vice President of Business Development for Acumed, LLC. In 2019, Gill negotiated a distribution agreement with Vivorte, Inc., under which Acumed would be the exclusive distributor of Vivorte's bone-void-filler products. In January 2020, Gill sent Vivorte a final, execution-ready agreement with a four-year term containing a minimum amount of products that Acumed had to buy from Vivorte during each year of the term. Gill then presented the contract ("Version 10") to Vivorte's CEO, Mark Wagner, for signature, and Wagner signed Version 10 in Gill's presence. Gill then told Wagner that Acumed had countersigned Version 10; later, Gill sent Wagner a fully-executed copy of Version 10, which purported to bear Acumed's CEO's signature.

      But while Gill was representing that Acumed had agreed to Version 10, Gill worked in secret to draft another distributor agreement ("Version 15") containing materially different terms—terms to which Vivorte had never and would never agree. For example, unlike Version 10, Version 15 required Acumed to buy a minimum amount of products for only the first year of the contractual relationship. Knowing that Vivorte would not agree to Version 15, Gill forged Wagner's signature onto the contract. Gill ultimately forged Wagner's signature onto three draft agreements.

Acumed and Vivorte performed under Version 10 for two years. In the meantime, Gill left—and was later sued by—Acumed. In January 2022, Acumed discovered the forged contract (Version 15), repudiated Version 10, and refused to buy Vivorte products.

2. Concise factual summary of Defendant's claims/defenses;

Defendant Jagi Gill denies Plaintiff's allegations and is perplexed by the timing and substance of Plaintiff Vivorte Inc.'s suit. Vivorte's claims in this case relate to the validity or effect, or alleged lack thereof, of a February 6, 2020, Distribution Agreement between Vivorte and Acumed LLC, Gill's former employer. While he was employed by Acumed in 2020, Gill was involved in discussions between Vivorte and Acumed regarding that agreement. However, he only did so as an employee and on behalf of Acumed. When Gill left employment with Acumed in January 2021, he was unaware of any dispute or potential dispute between Acumed and Vivorte.

And whatever Vivorte now alleges, there is no dispute that in June 2021, five months after Gill left Acumed, Acumed and Vivorte executed a First Amendment to the Distribution Agreement (the "Amendment"). In the Amendment, Acumed and Vivorte agreed that they had "entered into that certain Distribution Agreement effective as of February 6, 2020" and they agreed to several changes to that February 6, 2020, agreement. Apparently, at some point between June 2021 and April 2022, there was a breakdown in Acumed and Vivorte's relationship that resulted in Vivorte filing a Delaware Superior Court action (the "Delaware Action") against Acumed. However, Gill was not involved in or privy to the events that gave rise to that action and neither Vivorte nor Acumed has attempted to assert claims against Gill in the Delaware Action, although Vivorte did take Gill's deposition. After two years of litigation, there is one or more pending dispositive motion pending in the Delaware Action and public records indicate the case is set for a December trial.

The outcome of the parallel, much earlier filed Delaware Action will either determine or substantially narrow the outcome of this derivative suit. For reasons that will be detailed in a motion counsel is currently preparing, Gill intends to ask this Court to stay this action until the conclusion of the Delaware Action, among other alternative relief, based on *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) and other authority. A stay during the pendency of the much earlier, parellel Delaware state court proceeding will promote judicial economy, serve the interest of "wise judicial administration," and is necessary based on the facts and circumstances of this case.

3. Statement of jurisdiction (including statutory citations);

The Court has subject-matter jurisdiction because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a).

4. Summary of factual stipulations or agreements;

The parties have not entered into a factual stipulation or agreement.

5. Statement of whether jury trial has been timely demanded by any party;

Gill demanded a jury trial. Dkt. 14 at 9.

6. Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action;

All process has been served, all pleadings have been filed, and neither party intends to amend its pleadings, though both parties reserve all rights under applicable law to do so.

7. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and

None.

8. If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

## CLASS CERTIFICATION MOTION

Not Applicable.

## DISCOVERY

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)–(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan.

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful

in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

**FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before:

    *Plaintiff's proposal*: June 14, 2024.

    *Defendant's alternative proposals*: Defendant believes initial disclosures should be served two (2) weeks after Defendant's motion to stay is denied or the stay granted is lifted. If the Court requires initial disclosures while Defendant's motion to stay is pending, Defendant proposes: June 21, 2024.

2. Fact discovery procedures shall be commenced in time to be completed on or before:

    *Plaintiff's proposal*: September 27, 2024

    *Defendant's proposal*: December 13, 2024.

3. The parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others. (If so, describe.)

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

    a) No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

    b) No more than 20 document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

    c) No more than 25 requests for admissions shall be served by each side.

4

5.  Rule 35 Medical Examinations: Not applicable.

6.  Depositions:

    *Plaintiff's proposal*: No more than 2 fact depositions, including Rule 30(b)(6) depositions and excluding expert witness depositions, shall be taken by either side.

    *Defendant's proposal*: No more than eight (8) fact depositions, including Rule 30(b)(6) depositions, but excluding expert witness and third-party depositions, shall be taken by either side.

7.  Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

    The parties have reached the following additional agreements concerning the taking of depositions:  None at this time.

9.  The parties have agreed upon the following additional limitations on discovery procedures:  None at this time.

10. Other discovery issues.

    a)  Discovery of Electronically Stored Information.  The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and do **not** request that the Court include any other agreements in the scheduling order.

    b)  Claims of Privilege or Protection.  The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and **do** request the Court to include the following agreement in the scheduling order or as part of a protective order:

5

>The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material.  Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.
>
>In addition, the parties agree that a party need not log communications limited to a party and the party's outside legal counsel.

If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here:  none other than the agreements above.

**EXPERT DISCOVERY**

The parties anticipate that they **will** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Plaintiff anticipates calling up to 2 experts.  Defendant anticipates calling up to three (3) experts. Each party may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:
   *Plaintiff's proposal:*

   a) Identities by Plaintiff on or before June 14, 2024.
   Disclosures by Plaintiff on or before June 30, 2024.

   b) Identities by Defendant on or before July 19, 2024.
   Disclosures by Defendant on or before August 2, 2024.

   c) Rebuttal identities and disclosures on or before September 6, 2024.

*Defendant's proposal:* If the case is not stayed, Plaintiff proposes the following expert deadlines:

    a)    Identities by Plaintiff on or before August 15, 2024.
Disclosures by Plaintiff on or before August 30, 2024.

    b)    Identities by Defendant on or before September 16, 2024.
Disclosures by Defendant on or before October 1, 2024.

    c)    Rebuttal identities and disclosures on or before November 1, 2024.

3. Expert discovery, including depositions, shall be completed by:

*Plaintiff's proposal:* October 4, 2024.

*Defendant's proposal:* December 13, 2024.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before July 12, 2024.

2. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before July 12, 2024.

3. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before:

*Plaintiff's proposal*: October 4, 2024.

*Defendant's proposal*: December 13, 2024.

4. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before:

*Plaintiff's proposal*: October 4, 2024.

*Defendant's proposal*: December 13, 2024.

7

## **PROTECTIVE ORDER**

The parties believe a Protective Order is appropriate. They are currently conferring regarding the terms of a proposed protective order and will jointly submit their proposed protective order, identifying any terms on which they cannot reach agreement in advance of the Court's pretrial conference. No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their Stipulation for Protective Order must be filed in CM/ECF and a Word version of the document must be e-mailed to Magistrate Judge Micko's chambers.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

## **DISPOSITIVE MOTION DEADLINES**

The parties believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before:

*Plaintiff's proposal*: October 18, 2024.

*Defendant's proposal*: January 24, 2025.

## **SETTLEMENT**

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

    The results of that discussion, including any proposals or recommendations, are as follows: Plaintiff has made a settlement demand and Defendant has responded to Plaintiff's demand.

2. Each party will email to Magistrate Judge Micko's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Micko in planning or furthering early settlement efforts. [**NOTE:** This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Micko for ruling.]

3. The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

## **TRIAL**

1. Trial by Magistrate Judge:

   The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties consent to magistrate judge jurisdiction, <u>all</u> proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2. The parties agree that this case will be ready for trial on:

   *Plaintiff's proposal*: January 13, 2024. The anticipated length of the **jury** trial is 3 days.

   *Defendant's proposal*: June 2, 2024. Defendant lacks sufficient information at this time to determine the anticipated length of this **jury** trial.

| | |
|---|---|
| DATE: <u>May 30, 2024</u> | <u>s/Garland "Land" Murphy</u><br>Plaintiff's Counsel<br>License # 24058010 (Texas Bar Number)<br>Address 1001 Fannin, Suite 720,<br>          Houston, Texas 77002<br>Phone # (412) 721-7482<br>E-mail lmurphy@mbssmartlaw.com |
| DATE: <u>May 30, 2024</u> | **CROSSCASTLE PLLC**<br><br><u>*s/Samuel W. Diehl*</u><br>Samuel W. Diehl (#388371)<br>Christopher R. Johnson (#0402005)<br>CROSSCASTLE PLLC<br>14525 Highway 7, Suite 345<br>Minnetonka, MN 55345<br>P: (612) 429-8100<br>F: (612) 234-4766<br>Email: sam.diehl@crosscastle.com<br>christopher.johnson@crosscastle.com |

4875-5021-9459, v. 2