## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Vivorte, Inc.,

           Plaintiff,

v.

Jagi Gill,

           Defendant.

Case No. 24-cv-1040 (DWF/DLM)

**ORDER DENYING DEFENDANT'S
MOTION TO STAY PROCEEDINGS**

     This matter is before the Court on Defendant Jagi Gill's Motion to Stay Proceedings (Docs. 31 (Motion), 34 (Memorandum in Support)). Mr. Gill asserts that a stay is appropriate because there is a related action proceeding in Delaware state court, brought by Plaintiff Vivorte, Inc. ("Vivorte") against Acumed, LLC ("Acumed"), who was Mr. Gill's former employer. According to Mr. Gill, the overlap between the Delaware action and the instant case is so significant that a stay is appropriate under both the so-called *Colorado River*[1] abstention doctrine and this Court's inherent authority to manage its docket. Vivorte opposes Mr. Gill's motion, asserting that *Colorado River* is inapplicable because, among other things, this action is a separate lawsuit against a separate defendant involving different states' laws, and Mr. Gill could not have been added to the Delaware action for a lack of personal jurisdiction. Vivorte further asserts that the Court should not use its inherent authority to stay this matter because it is not likely the Delaware action will

---

[1] *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976).

resolve the issues before this Court, and because Mr. Gill has not shown he will suffer undue hardship if this case goes forward without a stay.

The Court heard oral argument on this matter on August 9, 2024. Based on the parties' pleadings and arguments, Mr. Gill's motion for a stay of proceedings is denied. *Colorado River* permits a court to abstain from moving a federal suit forward where another related state-court action is pending in order to avoid conflicting state and federal court decisions on the same issue. But Vivorte is correct that the difference in the parties, claims, and applicable state laws here counsels against a stay, because resolution of the Delaware action against Acumed is not likely to resolve the Minnesota state-law claims against Mr. Gill that comprise this lawsuit. The Court likewise declines to invoke its inherent authority to stay this matter, as Mr. Gill has not demonstrated any undue hardship beyond the ordinary burdens of litigation.

## BACKGROUND

This case relates to a dispute between Vivorte and Acumed. Vivorte manufactures biological medical devices. (Doc. 11 ¶¶ 5-6.) Acumed makes and distributes its own medical devices, and often sells other manufacturers' medical devices too. (*Id.* ¶ 8.) Mr. Gill, the defendant in this case, is a former employee of Acumed. (*Id.* ¶ 8.)

In 2019, Vivorte and Acumed started negotiating a deal for Acumed to be the exclusive distributor of Vivorte's products. (*Id.* ¶ 9.) Vivorte's President and CEO, Mark Wagner, was the primary negotiator for Vivorte, and Mr. Gill served as the point person for Acumed. (*Id.* ¶ 10.) The parties apparently—but only apparently—reached a contractual agreement, which included certain guarantees that Acumed would purchase

minimum amounts of Vivorte's products. (*See generally* Doc. 35-4.) When questions arose about whether Acumed was holding up its end of the bargain, Vivorte sued in Delaware state court (pursuant to a choice-of-venue provision of the parties' agreement). (Docs. 35, 35-1, 35-3 ¶ 21, *see also Vivorte, Inc. v. Acumed LLC*, No. N22C-04-077 EMD CCLD (Del. Sup. Ct.) ("the Delaware Action").) The Delaware Action was filed on April 11, 2022. (Doc. 35-1 at 2.) In the Delaware Action, Vivorte brings Delaware state-law claim, consistent with the Delaware choice-of-law provision in the parties' agreement. (Doc. 35-3 ¶ 22.)

According to Mr. Gill, the Delaware Action has involved a significant amount of litigation. (Doc. 35 ¶ 2.) That litigation included deposing Mr. Gill, which was noticed to be taken in October of 2023. (Doc. 35-1 at 6.) According to Vivorte, it eventually came to believe that not only did Acumed breach its contract, but Vivorte—through Mr. Gill—had engaged in fraud by affixing Vivorte's signature to a different version of the distribution agreement than the parties had negotiated. (Doc. 35-3 ¶¶ 119-49.) Thus, in February of 2024, Vivorte filed an amended complaint in the Delaware Action, adding a count alleging fraud and fraudulent inducement based on Mr. Gill's conduct. (*Id.*; *see also* Doc. 35-1 at 7.)

A few weeks after amending the complaint to plead fraud claims against Acumed in the Delaware Action, Vivorte brought the instant case individually against Mr. Gill. (Doc. 1.) The operative one-count complaint alleges fraud and fraudulent inducement, tracking in many respects the fraud allegations in the Delaware Action. (*Compare* Doc 11 *with* Doc. 35-3.) The relief sought is similar, too, although the claims against Mr. Gill in

the instant case are made under Minnesota law, and seek relief against Mr. Gill individually rather than as an agent for Acumed. (*Id.*)

In the parties' Joint Rule 26(f) Report, Mr. Gill forecasted that he would be seeking to stay this matter while the Delaware Action proceeded. (Doc. 17 at 2.) On July 31, 2024, Mr. Gill formally moved to stay proceedings. (Docs. 31 (Motion), 34 (Memorandum in Support).) He argued that a stay is appropriate based on the *Colorado River* abstention doctrine as well pursuant to the Court's inherent authority. According to Mr. Gill, this matter is essentially a parallel proceeding to the Delaware Action, the Delaware Action is far more mature and closer to resolution, and determinations in that case might render some of the litigation in the instant matter unnecessary. For its part, Vivorte responded that this case and the Delaware action are not parallel, since they involve different parties, different state law, and different relief. (Doc. 38.) Mr. Gill could not have been sued as a part of the Delaware Action, Vivorte asserts, because Delaware courts have no personal jurisdiction over Mr. Gill or the claims Vivorte raised against him—this is the proper venue for Vivorte to seek relief against Mr. Gill. At bottom, according to Vivorte, Mr. Gill cannot pass the high hurdle for a litigant seeking to stay proceedings.

The Court held a hearing on Mr. Gill's motion on August 13, 2024. Both sides presented oral argument on the matter, and the Court took the matter under advisement pending this Order.

## ANALYSIS

In some circumstances, a court may stay a case where there is another related matter already pending. *Cottrell v. Duke*, 737 F.3d 1238, 1245-50 (8th Cir. 2013). The power to

4

stay based on parallel proceedings has been long recognized. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248 (1936); *accord Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931) ("[T]he existence of jurisdiction does not mean that it must be exercised and that grounds may not be shown for staying the hand of the Court."). That power derives from the Court's inherent authority to ensure judicial economy, *Landis*, 299 U.S. at 254, although the Supreme Court subsequently provided significant guidance for what factors ought to influence a court's decision to abstain from moving forward with an action. These latter factors were most clearly identified in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-18 (1976), such that the analytical framework itself is often referred to as the *Colorado River* doctrine.[2]

The Eighth Circuit has noted that often "the line dividing a stay pending resolution of an issue by another court and abstention under *Colorado River* and *Moses H. Cone* is not clear." *Kreditverein Der Bank Austria Creditandstalt Fur Niederosterreich Und Bergenland v. Nejezchleba*, 477 F.3d 942, 945 (8th Cir. 2007). That said, the powers to stay based on a court's inherent authority and to abstain under *Colorado River* are separate, *Roehrs v. Wahlstrom*, 23-cv-1885 (SRN/DLM), 2024 WL 22089, at *5 (D. Minn. Jan. 2, 2024), even if there is significant overlap in the analytical framework for each. Perhaps most importantly, regardless of whether a stay is sought under the Court's inherent

---

[2] Although *Colorado River* itself involved dismissal rather than a stay, the doctrine has been applied to certain stays as well. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 13-17 (1983). The key criterion is that one court is asked to abstain from litigating their case out of deference to another court's related matter. *Id.*

authority or *Colorado River*, there is "a presumption in favor of denying a motion to stay" because of the "'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Wiley v. Portfolio Recovery Assocs., LLC,* 20-cv-737 (SRN/KMM), 2020 WL 6136146, at \*3–4 (D. Minn. Oct. 19, 2020) (quoting *Colorado River*, 424 U.S. at 817).

## I.     MR. GILL HAS NOT DEMONSTRATED AN ENTITLEMENT TO A STAY PURSUANT TO THE *COLORADO RIVER* ABSTENTION DOCTRINE.

Under the *Colorado River* doctrine, courts may—although they are not automatically required to—abstain from permitting a federal suit to proceed "due to the presence of a concurrent state proceeding." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). Courts apply *Colorado River* to avoid state and federal court decisions that "reach conflicting opinions on the same issues" and create "unwarranted friction between state and federal courts." *Spectra Communications Grp., LLC v. City of Cameron, Mo.*, 806 F.3d 1113, 1121 (8th Cir. 2015) (quoting *Employers Ins. of Wausau v. Missouri Elec. Works, Inc.*, 23 F.3d 1372, 1375 (8th Cir. 1994), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)). However, the mere fact that there is a pending state action concerning the same matter does not bar a federal court's jurisdiction over proceedings on the same matter. *Colorado River*, 424 U.S. at 817. A court may stay a case under *Colorado River* "only 'when [1] parallel state and federal actions exist and [2] exceptional circumstances warrant abstention.'" *Cottrell*, 737 F.3d at 1244–45 (alterations in original) (quoting *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009)). To apply the *Colorado River* doctrine, a court

6

must first determine whether the two actions are genuinely parallel. *See Fru-Con*, 574 F.3d

at 535. If the cases are parallel, then the court looks to six additional factors to decide

whether to stay the federal action:

> (1) whether there is a res over which one court has established jurisdiction,
> (2) the inconvenience of the federal forum, (3) whether maintaining separate
> actions may result in piecemeal litigation, unless the relevant law would
> require piecemeal litigation and the federal court issue is easily severed, (4)
> which case has priority—not necessarily which case was filed first but a
> greater emphasis on the relative progress made in the cases, (5) whether state
> or federal law controls, especially favoring the exercise of jurisdiction where
> federal law controls, and (6) the adequacy of the state forum to protect the
> federal plaintiff's rights.

*Federated Rural Elec. Ins. v. Arkansas Elec. Cooperatives, Inc.*, 48 F.3d 294, 297 (8th Cir.

1995) (quoting *United States Fid. & Guar. Co. v. Murphy Oil USA*, 21 F.3d 259, 263 (8th

Cir. 1994)). The risk of piecemeal litigation is often the "predominant factor" in this

analysis. *Id.*; *see also Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926

(8th Cir. 2006) (*Colorado River* factors are to be applied pragmatically to advance the clear

federal policy of avoiding piecemeal litigation). In considering each of these factors,

though, the Court must be mindful that "*Colorado River* abstention is appropriate only in

'exceptional circumstances' where the surrender of federal jurisdiction is supported by 'the

clearest of justifications.'" *Spectra Communications Group*, 806 F.3d at 1121 (quoting

*Moses H. Cone Mem. Hosp.*, 460 U.S. at 25-26).

A.      **Mr. Gill has not demonstrated this action is parallel to the Delaware Action.**

In order to grant a stay pursuant to *Colorado River*, a court must first convince itself

that the action subject to stay is a parallel proceeding to another action. *Cottrell*, 737 F.3d

at 1245. To demonstrate this, a movant must show a "substantial likelihood" that one

7

proceeding will "fully dispose of" the claims presented in the other action. *Fru-Con*, 574

F.3d at 536. If there is any doubt that the two matters are parallel, "the district court cannot

utilize *Colorado River* to refuse its jurisdiction." *Cottrell*, 737 F.3d at 1245.

There is certainly some evidence of similarity between this matter and the Delaware

Action to support deeming the two parallel. It is true that the matters involve different

defendants—here, Mr. Gill, and in the Delaware Action, Acumed. But there is clear overlap

between those defendants: Acumed is being sued (at least in part) based on Mr. Gill's

alleged fraud against Vivorte, and those same facts comprise Vivorte's sole-count fraud

complaint in the instant action. (*See, e.g.*, Doc. 34 at 4-7 (comparing factual bases for both

actions).) Matters may still be parallel where "the parties in each action are not identical,

[but] the facts underlying the claims in each case are the same." *See NDGS, LLC v.

Radium2 Cap., Inc.*, No. 19-cv-1554 (SRN/BRT), 2019 WL 5065187, at *4 (D. Minn. Oct.

9, 2019). And while the two actions involve different state laws—Delaware in the

Delaware Action and Minnesota law here—there appears to be no analytical difference

between those laws. *Lagermeier v. Boston Sci. Corp*, No. 10-cv-4087 (SRN/SER), 2011

WL 2912642, at *4 n.2 (D. Minn. July 19, 2011) ("the elements of fraud under Delaware

law are identical to those in Minnesota"), *amended on other grounds*, 2011 WL 4549175

(D. Minn. Sept. 29, 2011).

While there is no doubt this action and the Delaware Action are related, though, the

Court agrees with Vivorte that they are not parallel. The Eighth Circuit "requires more

precision" than simply showing similar parties are litigating similar issues in two fora. *Fru-

Con*, 574 F.3d at 535. The movant must demonstrate that one proceeding will "fully dispose

of the claims presented" in the other matter. *Id.* And a claim cannot be fully disposed of by a court that has no jurisdiction to consider it. *Accord Cottrell*, 737 F.3d at 1245 (refusing to find two actions parallel, despite duplicate issues in both, because one court had no jurisdiction to adjudicate certain claims).

Mr. Gill appears to have been sued in Minnesota rather than Delaware not, as he suggests, due to forum shopping. (Doc. 34 at 18.) At the hearing on this matter, counsel for Vivorte indicated that Mr. Gill was not a part of the Delaware action because he *could not* be: he is a Minnesota resident, none of the relevant transactions occurred in Delaware, and he is not a party to the contract between Acumed and Vivorte that stipulated to Delaware as the parties' choice of venue and law. Absent personal jurisdiction over Mr. Gill in the Delaware Action, it is simply impossible that action could "fully dispose of" the claims against him brought in this case.

**B.     Even if the matters were parallel, the *Colorado River* factors counsel against abstention.**

Because the Court has determined that Mr. Gill has failed to meet his threshold burden of demonstrating this action is a parallel proceeding to the Delaware Action, the Court need consider whether the remaining *Colorado River* factors would support a stay. Nonetheless, for purposes of completeness, the Court undertakes such an analysis.

The first factor—whether there is a res (that is, property) over which one court has jurisdiction, is inapplicable because this is an *in personam* action against Mr. Gill. But that does not, as Mr. Gill suggests, make this factor neutral: it is *Mr. Gill's* obligation to demonstrate exceptional circumstances support a stay; absence of this factor weighs against

that. *Federated Rural Elec.*, 48 F.3d at 297. As for the second factor—whether this federal

forum is inconvenient—Mr. Gill has not demonstrated any real burden. He is a citizen of

and resides in Minnesota, where this action is pending. (Doc. 14 ¶ 2.)

The third *Colorado River* factor asks whether maintaining separate actions will

result in piecemeal litigation. *Mountain Pure*, 439 F.3d at 926-27. Undoubtedly, there is

overlap between the facts, claims, and analysis in this action and the Delaware Action.

This, argues Mr. Gill, weighs in favor of a stay. The Court agrees, but does not assign this

factor the heavy weight Mr. Gill invites. That is because some piecemeal litigation is

unavoidable here: Mr. Gill was not, and could not be, sued in the Delaware Action. So

while circuit precedent often analyzes this factor by reference to which action is most

"complete," *see Federated Rural Elec.*, 48 F.3d at 297-98, that framework presumes one

of the two actions is *actually* more fulsome. Here, that is not the case: Acumed could not

be sued in this action due to its Delaware choice-of-venue clause, and Mr. Gill could not

be sued in the Delaware Action because of a lack of personal jurisdiction. So while Mr.

Gill is right that maintaining two actions could result in piecemeal litigation, the Court does

not agree that conclusion strongly favors a stay in this case. *Accord Spectra Comms.*, 806

F.3d at 1121 (*Colorado River* factors are not a "mechanical checklist," but should be

weighed "in a pragmatic, flexible manner with a view to the realities of the case at hand"

(quoting *Moses H. Cone*, 460 U.S. at 16, 21)).

As for the fourth factor, which case has priority, the Court again agrees with Mr.

Gill that this weighs in favor of a stay. Again, though, the Court does not assign the weight

that Mr. Gill does to the factor. In the Delaware Action, discovery has closed and there are

dispositive motions currently pending. But the claims that Mr. Gill asserts are parallel to this case—those involving his purported fraud—were only added via amendment weeks before this case was filed. As of now, no court has addressed the merits of those claims. *Accord Mountain Pure*, 439 F.3d at 927 (finding this factor weighed against a stay where neither court had addressed the merits of the parallel claims); *cf. Spectra Comms.*, 806 F.3d at 1122 (finding this factor favored stay where one court had entered partial summary judgment on the parallel claims). So while the maturity of the Delaware Action factors in support of a stay, the absence of any merits-based decision on claims at issue lessens its impact on the Court's analysis.

The fifth *Colorado River* factor, the question of whether one state's law controls, cannot be afforded any significant weight. Both the Delaware Action and this matter are diversity actions, both involving application of separate state laws. While there is analytical overlap between those laws, that does not favor a stay.

Finally, and most importantly here, the Court considers whether the Delaware Action presents an adequate forum to protect Vivorte's rights in this case. It does not. Vivorte asserts that it brought suit against Mr. Gill in Minnesota because it had to—he could not be sued in Delaware. This case appears to be the sole vehicle for Vivorte to seek relief against Mr. Gill, a factor that is extremely persuasive. *Accord Gov't Employees Ins. v. Simon*, 917 F.2d 1144, 1149 (8th Cir. 1990) (adequacy of forum factor should be given weight where one forum is inadequate to protect a party's rights). A stay delays that relief. And if this Court prevents Vivorte from moving forward against Mr. Gill, Vivorte has no

other way to pursue relief against him. Prudence counsels against delay in such circumstances.

## II.    THE COURT WILL NOT INVOKE ITS INHERENT AUTHORITY TO STAY THIS MATTER.

Separate and apart from *Colorado River* abstention, Mr. Gill asks the Court to stay this matter pending resolution of the Delaware Action based on its inherent authority. Courts have the authority to stay proceedings as part of their inherent power to control their dockets, including staying federal cases that are also proceeding in state court concerning the same allegations and claims. *See Landis*, 299 U.S. at 254–55; *see also Cottrell*, 737 F.3d at 1249 (citing *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir.1990)).

When considering a stay based on inherent authority, courts should consider what promotes efficiency and wise stewardship of time for the court, counsel, and litigants. *Landis*, 299 U.S. at 254. "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance," considering the harm to either party if the stay were ordered versus if it were not ordered. *Id.* at 254-55. "But considerations of fairness to the opposing party mandate a presumption in favor of denying a motion to stay." *Wiley*, 2020 WL 6136146, at *3. And, importantly, the party seeking a stay under this Court's inherent authority must demonstrate a "specific hardship or inequity if he or she is required to go forward." *Daywitt v. State of Minnesota*, No. 14-cv-4526 (WMW/LIB), 2016 WL 3004626, at *5 (D. Minn. May 24, 2016) (quoting *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996) (Beam, J., concurring)); *Wiley*, 2020 WL 6136146, at *3.

12

As a threshold matter, it is not clear that the Court ought to consider Mr. Gill's stay request under any other framework than *Colorado River*. In *Cottrell*, the Eighth Circuit held that the district court abused its discretion in staying a matter under its inherent authority where the effect of the stay "amounts to a complete refusal to exercise jurisdiction." *Cottrell*, 737 F.3d at 1249. In such circumstances, *Colorado River* is the appropriate analytical tool, since the "effect of the district court's order is to accomplish the same result contemplated by *Colorado River*." *Id.*; *see also Roehrs*, 2024 WL 22089, at *6 ("The authority of a district court to grant a stay under its inherent authority to manage its own docket is limited to temporary stays, as a permanent stay is treated as tantamount to a dismissal."). There is at least a colorable argument that Mr. Gill's proposed stay fits that bill, too, since he is asking that this matter be stayed "until final judgment is entered" in the Delaware Action because it might have a preclusive effect on this case. (Doc. 31 at 1; *accord Cottrell*, 737 F.3d at 1240-41, 1249 (finding stay of one action pending outcome of another should have been analyzed under *Colorado River* abstention doctrine rather than a court's inherent authority). But since this Court's inherent authority includes the power "to impose a more finite and less comprehensive stay" than what Mr. Gill requests, the Court will conduct an inherent-authority analysis. *Cottrell*, 737 F.3d at 1249.

Here too, Mr. Gill has not met his burden to overcome the strong presumption against a stay. That conclusion is buttressed by a number of the same factors that support this Court's *Colorado River* analysis: this matter and the Delaware Action are not truly parallel, the District of Minnesota is not an inconvenient forum to Mr. Gill, and relevant claims in the Delaware Action are about the same age as the ones raised in this action.

13

Additionally, while many facts and legal issues overlap between this action and the Delaware Action such that there *could* be a preclusive effect, Mr. Gill overstates matters in suggesting summary judgment proceedings in the Delaware Action "*will* dispose of the identical fraud and fraudulent inducement claims in both actions." (Doc. 34 at 9 (emphasis added).) Indeed, based on the pleadings in this case, Vivorte's fraud claims against Mr. Gill appear to be factually intensive and disputed, with the ultimate question being whether Mr. Gill pulled a "bait and switch" by affixing Vivorte's signature to a different contract than it thought it negotiated with Acumed. It is hard to imagine that issue being decided as a matter of law, let alone in a manner that would demonstrate Vivorte's claims against Mr. Gill could not proceed. And, if that turns out to be the case, Mr. Gill may seek relief from the court in this action through traditional motion practice.

In the meanwhile, absent a stay Mr. Gill would simply be litigating this one-count, single-plaintiff matter as any other defendant in a lawsuit. The Court's Pretrial Scheduling Order contemplates modest discovery. (Doc. 20.) Mr. Gill is not a party to the Delaware Action, and so has not faced any of the perils of litigation in that matter. There is undoubtedly some burden in litigation generally, "but that is true in every case." *Ung v. Universal Acceptance Corp.*, No. 15-cv-127 (RHK/FLM), 2016 WL 9307090, at *1 (D. Minn. June 15, 2016). The burden of litigation here is far less than the "specific hardship or inequity" our cases require Mr. Gill to demonstrate for a stay.

Finally, although Mr. Gill suggests the stay could be of modest duration, that is not his request. While Mr. Gill's memorandum suggested overlapping issues in this case and the Delaware Action could be resolved based on the pending summary-judgment

proceedings, his motion seeks a stay until a final judgment is issued in the Delaware Action. (Doc. 31 at 1.) At the hearing on this matter, Mr. Gill clarified that by final judgment he meant after trial. The trial in the Delaware Action is not set to begin until December 2, 2024. (Doc. 35-1 at 2.) At the hearing on this matter, counsel for Vivorte clarified that the Delaware Action will be a bench trial, such that the trial court will issue findings of fact and conclusions of law rather than receiving a jury verdict. So even assuming the December 2, 2024 trial date remains, this Court has no confidence that a final judgment in the Delaware Action would swiftly follow. Such uncertainty counsels against a stay. And Mr. Gill has not persuasively suggested that a shorter stay than until final judgment of the Delaware Action would yield any benefit so significant as to overcome the presumption in favor of moving this case forward.

## CONCLUSION

Mr. Gill has not overcome the presumption against a stay, either under this Court's inherent authority to manage its docket or under the *Colorado River* doctrine of abstention based on parallel proceeding. Accordingly, based on all the files, records, and proceedings above, **IT IS ORDERED** that Plaintiff's Motion to Stay (Doc. 31) is **DENIED.**


Date: September 12, 2024                          *s/Douglas L. Micko*
                                                 DOUGLAS L. MICKO
                                                 United States Magistrate Judge