IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| VIVORTE, INC., <br>   *Plaintiff*, <br><br> v. <br><br> JAGI GILL, <br>   *Defendant*. | § <br> § <br> § <br> §   CASE NO. 24-CV-1040 (DWF/DLM) <br> § <br> § <br> § |

**<u>Vivorte's Memorandum of Law in Support of the Motion to Compel Discovery and Sanction Defendant[1]</u>**

  In its amended complaint, Plaintiff Vivorte, Inc. asserts a viable fraud claim and demands punitive damages accordingly. Because the Federal Rules of Civil Procedure do not require Vivorte to make a separate motion to seek punitive damages, the contrary requirement found in Minnesota Statute § 549.191 is not applicable and Vivorte may seek punitive damages. *Hormozi v. Neist Media LLC*, 2024 WL 4772462, at *8 (D. Minn. Nov. 13, 2024) (Frank, J.) (federal courts "must follow the federal rules instead of [Minnesota's] Gatekeeper Statute"). When the possibility of punitive damages is present, information related to the defendant's net worth and financial condition is discoverable. Vivorte has requested that Defendant Jagi Gill produce such information, yet Gill has refused to do so. Thus, Vivorte moves the Court to compel Gill to produce the requested sworn answers and responsive documents.

---

[1] To comply with the Court's December 13, 2024 nondispositive-motion deadline, Vivorte files this motion and related papers in advance of the Court's December 17, 2024 informal conference on the issues presented herein.

Vivorte also moves to sanction Defendant Gill for failing to appear at his own deposition. Gill refused to appear for his deposition on the grounds that Gill had previously been deposed as a third-party witness in a related Delaware state court case. Gill objected the evening before his deposition was scheduled and three days before the close of discovery. Because Gill's behavior violates Federal Rule of Civil Procedure 37 and has prejudiced Vivorte, Vivorte asks the Court to award attorney's fees and costs, and to strike Gill's affirmative defenses, or in the alternative, compel Gill to sit for a deposition and bear all costs of that deposition.

## BACKGROUND

### A. Net Worth Background

On September 16, 2024, counsel for Vivorte served its first amended discovery requests on Defendant Gill. These included Interrogatory No. 2, which asked Gill to "[d]escribe [Gill's] current net worth in dollars and cents. In doing so, identify each asset and liability that comprises [Gill's] current net worth." Ex. 1 at 11.

Rather than furnish net worth information, Gill objected to the interrogatory as "not relevant to any party's claim or defense," not "proportional to the needs of the case," "vague and ambiguous," and intended "to oppress, embarrass, or improperly invade [Gill's] privacy." Ex. 2 at 4.

Vivorte's discovery requests also included Requests for Production Nos. 9, 11, 12, 13, 14, 15, 16, and 18, which asked Gill for documentation of: Gill's financial accounts (No. 9); Gill's real and personal property (No. 11); Gill's vehicle titles (No. 12); trusts that Gill is a beneficiary of (No. 13); any royalty agreements (No. 14); any intellectual property

2

(No. 15); any cryptocurrency holdings (No. 16); and ownership or beneficiary interests in any other entity (No. 18). *See generally* Ex. 1. For every request, Gill objected for essentially the same reasons that Gill objected to Interrogatory No. 2. In his responses, Gill did not mention—much less invoke—§ 549.191. *See generally* Ex. 2.

Vivorte sought to conference with Gill about his failure to produce responsive financial-condition material on November 18, 2024, and November 22, 2024. Exs. 3–4. Gill finally responded at the close of business on December 10, 2024, asserting for the first time that net worth discovery was improper because Vivorte had not complied with Minnesota Statute § 549.191. Ex. 5. In an attempt to avoid the need for motion practice, Vivorte promptly gave Gill a copy of Judge Frank's *Hormozi v. Neist Media LLC* opinion. Ex. 6. Gill stated he would "review this case and respond further." Ex. 7. Gill did not "respond further," necessitating this motion.

### B. Deposition Nonappearance Background

Vivorte emailed Gill on November 14, 2024, asking Gill for a date on which Gill was available for deposition. Ex. 3. Gill did not respond. Vivorte followed up with Gill on November 18, 2024. *Id.* Gill's counsel replied that he would "get back to you later today or tomorrow," but never did so. Ex. 8. On November 22, 2024, Vivorte then noticed Gill's deposition for December 11, 2024. Ex. 9.

As the deposition date approached, Vivorte's counsel prepared for the proceeding and retained a court-reporting service.

At 5:00 p.m. on December 10, 2024, the evening before the duly-noticed deposition, Gill's counsel emailed Vivorte a letter stating in pertinent part:

3

> This letter is Defendant Jagi Gill's objection to the deposition notice served by Plaintiff Vivorte, Inc. Plaintiff previously deposed Defendant over two days on September 15 and October 12, 2023. No events that are potentially relevant to Plaintiff's claims in this action occurred after Plaintiff's 2023 deposition of Defendant.
>
> Rule 30(d)(1) of the federal rules of Civil Procedure limits Plaintiff to one deposition of Defendant of up to seven hours unless the parties agree or the Court orders otherwise. Neither has occurred. Defendant will not appear for the noticed deposition.

Ex. 10. The depositions that Gill refers to—taken on September 15, 2023 and October 12, 2023—were taken in a related action in Delaware Superior Court between Vivorte and Gill's former employer, Acumed. Gill was not a party to that case. The next morning, Vivorte responded that Gill's objection was improper and urged Gill to appear for the deposition. Ex. 11.

Gill did not appear, necessitating further motion practice.

**STANDARD OF REVIEW**

Unless a court orders otherwise, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Whether a request is proportional may depend on the "importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* A state law that imposes any other restrictions "is not applied by federal courts sitting in diversity because it is purely procedural and conflicts with the federal rules of evidence." *Winterboer v. Edgewood Sioux Falls Senior*

4

*Living, LLC*, 2014 WL 28863, at *5 (D.S.D. Jan. 2, 2014) (quotation omitted). District and magistrate judges are afforded wide discretion in handling discovery matters. *See, e.g., Dekker v. Cenlar FSB*, 2022 WL 4354855, at *1 (D. Minn. Sept. 20, 2022).

Rule 37(d)(1)(A)(i) provides for sanctions by the Court if a party "fails, after being served with proper notice, to appear for that person's deposition." At minimum, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Further, a court "may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)." *Id.* Rule 37(b)(2)(A)(i)—(vi) in turn authorizes the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part; [or]
> (vi) rendering a default judgment against the disobedient party.

Where sanctions are authorized, the Court "may exercise its discretion to choose the most appropriate sanction under the circumstances." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999).

5

# ARGUMENT

**A. The Court should compel Gill to fully answer the net-worth interrogatory and produce all responsive net-worth documents.**

    **1. Minnesota's Gatekeeper Statute does not apply to claims for punitive damages in federal court.**

The presiding district judge in this case concluded less than a month ago that federal courts "must follow the federal rules instead of [Minnesota's] Gatekeeper Statute." *Hormozi*, 2024 WL 4772462, at *8. The Gatekeeper Statute "prohibits complainants from seeking punitive damages in their original complaint. Instead, complainants may move later to amend their pleadings to claim punitive damages" and must offer specific legal and factual bases to support the motion. *Id.* The Federal Rules of Civil Procedure, on the other hand, simply require "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Because federal and Minnesota law conflict on this procedural matter, federal courts must apply Rule 8(a) and allow plaintiffs to seek punitive damages in their complaint without leave. *See Hormozi*, 2024 WL 4772462, at *8.

Vivorte has complied with the Federal Rules of Civil Procedure to demand punitive damages. The complaint identifies "the who, what, where, when, and how of the alleged fraud" under Rule 9(b). *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (quotation omitted). Specifically, it documents how Gill fraudulently represented to Vivorte that Gill's employer, Acumed, LLC, had agreed to certain contractual terms with Vivorte—terms that Acumed never agreed to—in five different statements in early 2020. *See* Am. Compl. (Doc. 11) ¶¶ 8–39, 41. Vivorte's fraud claim

6

opens the door to punitive damages, *see Coy v. No Limits Educ. & Athletic Dev., Inc.*, 2017 WL 11678261, at *2 (D. Minn. Aug. 30, 2017), which Vivorte demands in its prayer for relief in accord with Rule 8(a), *see* Am. Compl. at 18. Nevertheless, Gill represented to Vivorte in an email, dated December 10, 2024, that discovery related to punitive damages is improper because Vivorte did not comply with the Gatekeeper Statute. Ex. 5.

Gill's untimely argument fails. As an initial matter, Gill did not raise this objection in a motion to dismiss or in his discovery responses. But even if he had, the authorities Gill cites contradict the stated views of the presiding judge and predate the "recent trend in this district" *Hormozi*, 2024 WL 4772462, at *8. Indeed, since the Supreme Court's decision in *Shady Grove v. Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), Judge Frank's stance has prevailed in the vast majority of federal cases in Minnesota. *See Jones as Tr. for Handy v. City of St. Paul, Minnesota*, 715 F. Supp. 3d 1166, 1174 (D. Minn. 2024) (Doty, J.); *Smartmatic USA Corp. v. Lindell*, 2023 WL 6890929, at *4 (D. Minn. Oct. 19, 2023) (Docherty, J.); *Speed RMG Partners, LLC v. Arctic Cat Sales Inc.*, 2021 WL 7286933, at *6 (D. Minn. Aug. 6, 2021) (Brasel, J.); *Shank v. Carleton Coll.*, 2018 WL 4961472, at *4 (D. Minn. Oct. 15, 2018) (Bowbeer, J.); *Mgmt. Registry, Inc v. A.W. Companies, Inc.*, 2020 WL 487315, at *2–3 (D. Minn. Jan. 30, 2020) (Tunheim, J.); *Urbieta v. Mentor Corp.*, 2018 WL 3475484, at *3 (D. Minn. July 19, 2018) (Montgomery, J.); *Mgmt. Registry, Inc. v. A.W. Companies, Inc.*, 2019 WL 7838280, at *13 (D. Minn. Sept. 12, 2019) (Menendez, J.); *Orange Rabbit, Inc. v. Franchoice, Inc.*, 2020 WL 2191947, at *2 (D. Minn. May 6, 2020) (Cowan Wright, J.); *McNamara v. Kuehne*, 2023 WL 2189980, at *2 (D. Minn. Feb. 6, 2023) (Foster, J.); *Rogers v. Mentor Corp.*, 2018 WL

2215519, at *6 (D. Minn. May 15, 2018) (Rau. J.); *Ramirez v. AMPS Staffing, Inc.*, 2018 WL 1990031, at *5–6 (D. Minn. Apr. 27, 2018) (Thorson, J.); *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 2017 WL 5187832, *5–6 (D. Minn. July 27, 2017) (Noel, J.). Therefore, this Court should not apply the Gatekeeper Statute to this proceeding.

### 2. Gill's discovery objections are unavailing.

Evidence of net worth is relevant where a plaintiff properly seeks punitive damages. *See Schaub v. VonWald*, 638 F.3d 905, 926 (8th Cir. 2011). Requests for such evidence are also proportional if "limited to [Defendant's] current assets and liabilities." *Rippee v. WCA Waste Corp.*, 2011 WL 13291651, at *1 (W.D. Mo. Jan. 6, 2011); *see also, e.g.*, *Macon Elec. Coop. v. Wooldridge*, 2020 WL 11270009, at *1 (E.D. Mo. Apr. 6, 2020) (similar); Winterboer, 2014 WL 28863, at *6 (similar). And courts do not consider the term "net worth" to be vague. *See, e.g.*, *Jackson v. Union Pac. R.R. Co.*, 2020 WL 11025591, at *5 (S.D. Iowa Mar. 18, 2020).

Gill's objection that the requested discovery is "not relevant" lacks merit. Vivorte has stated a plausible claim for fraud and fraudulent inducement. *See* Am. Compl. at 14–18. "In Minnesota, punitive damages are allowed for fraud." *Coy*, 2017 WL 11678261, at *2. Therefore, Vivorte is entitled to discover information about Gill's net worth. For the same reasons, Vivorte's requests are not intended solely to "oppress, embarrass, or improperly invade" Gill's privacy.

Neither are Vivorte's requests disproportionate. Interrogatory No. 2 is limited to Gill's "current" net worth. *See, e.g.*, *Rippee*, 2011 WL 13291651, at *1 (finding this limitation sufficient); *Macon Elec. Coop.*, 2020 WL 11270009, at *1 (allowing requests for

financial information from the past two years). Similarly, Vivorte's Requests for Production seek the documents that would, considered together, substantiate Gill's net worth. *See, e.g., Corizon, Inc. v. Wexford Health Sources, Inc.*, 2013 WL 791788, at *8 (E.D. Mo. Mar. 4, 2013) (compelling production of "[a]ll documents reflecting or relating to [a defendant's] net worth").

Finally, a request for net worth information is "not vague." *Jackson*, 2020 WL 11025591, at *5. Net worth simply means total wealth, accounting for all assets and liabilities. Further, Vivorte's requests for production focus the inquiry by identifying the relevant types of assets and liabilities that Gill may possess.

**B. The Court should sanction Gill for failing to appear at his duly-noticed deposition. Alternatively, the Court should compel Gill to appear for—and bear the costs of—a deposition.**

Where a party fails to appear for his deposition, a court "must" impose sanctions "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). In the related context of an untimely disclosure under Rule 37(c)(1), courts consider whether a failure was "substantially justified" by referring to "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

Here, Gill's reason for failing to appear for his deposition is that Gill was deposed over a year ago as a third-party witness in a different case in Delaware state court. Gill's eleventh-hour notice that he would not appear for his duly-noticed deposition surprised

9

Vivorte. Discovery closes in this case today—December 13, 2024. Gill's deliberate nonappearance prejudiced Vivorte because Gill is a party, the case's sole defendant, and a critical fact witness. Vivorte intended to depose Gill on subjects not covered in the Delaware state court deposition, including—among other topics—the factual bases underlying Gill's defenses, Gill's responses to Vivorte's allegations, Gill's discovery responses, the events at issue, important documents, and Gill's net worth. Vivorte also intended to test Gill's credibility and propensity to tell the truth.

Gill's failure to appear for the deposition is not substantially justified. Contrary to his unsupported eleventh-hour notice, Gill may not credit the time he spent in depositions in a separate state proceeding as a third-party witness against his deposition in this case. The Federal Rules of Civil Procedure obviously apply on a per case basis. *Cf. Sprayberry v. Portfolio Recovery Assocs. LLC*, 2018 WL 10604345, at *1 (D. Or. Feb. 8, 2018) (discussing an agreement to depose a witness "for a total of no more than seven hours in these two related cases on the same day, i.e., no more than 3.5 hours per case, which is one-half the time allowed by the rules"); *McBride v. Medicalodges, Inc*., 2008 WL 1774674, at *2 (D. Kan. Apr. 16, 2008) (allowing more than seven hours of deposition for a witness in a consolidated case because "had their cases not been consolidated, each plaintiff would presumably have been able to depose [the witness] for seven hours."). Vivorte has not found—and Gill has not identified to date—any case where a party has prevailed on a similar theory. Still, Gill compounds the baselessness of his objection by attempting to apply a time limit from the Federal Rules of Civil Procedure to time spent on a state court proceeding where Gill was not even a party to the case.

The context of Gill's objection underscores its lack of justification. Because Gill is the sole defendant and an essential witness, and Vivorte intended to depose Gill on issues not covered by Vivorte's suit against Gill's former employer, Vivorte is significantly prejudiced by Gill's nonappearance. Making the objection in the evening before the duly-noticed deposition date, and three days before the end of discovery, further prejudices Vivorte and seems calculated to disrupt the order and efficiency of this proceeding. Therefore, Vivorte is entitled to the attorneys' fees and costs attributable to Gill's failure to appear for his deposition. *See* Fed. R. Civ. P. 37(d)(3).

In addition to sanctions for attorneys' fees and costs, Vivorte requests an additional sanction striking Gill's affirmative defenses. *See* Answer (Doc. 14) at 7–8. In cases such as this, the Federal Rules allow a court to "strik[e] pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii); *see also id.* at 37(d)(3) (allowing a court to "include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)" to sanction a party that fails to appear for its deposition). Whether to do so is committed to the Court's "discretion to choose the most appropriate sanction under the circumstances." *Chrysler Corp*, 186 F.3d at 1022. For the reasons already explained, Gill's actions have prejudiced Vivorte to a degree that is not captured simply by the fees and costs associated with the deposition itself. Gill's baseless nonappearance has deprived Vivorte of the opportunity to ask Gill under oath about the factual bases underlying his defenses ; the nonappearance also forced Vivorte to rush to file this motion before nondispositive-motions deadline. To deter Gill from similar conduct and to undo the prejudice inflicted on Vivorte, this Court should prescribe a stronger medicine. Striking Gill's affirmative defenses would compensate Vivorte for its inability

to elicit testimony from Gill and penalize Gill for flouting his obligations under the Federal Rules. In the alternative, Vivorte requests an order compelling Gill to (1) appear at a deposition notwithstanding the discovery deadline and (2) bear all costs related to that deposition.

## CONCLUSION AND PRAYER

The Court should compel Gill to respond to the contested requests and sanction him for failing to appear for a duly-noticed deposition.

Respectfully submitted,

MURPHY BALL STRATTON LLP

*/s/ Land Murphy*
Richard Houghton, *pro hac vice*
Land Murphy, *pro hac vice*
1001 Fannin, Suite 720
Houston, Texas 77002
(412) 721-7482
rhoughton@mbssmartlaw.com
lmurphy@mbssmartlaw.com

**ATTORNEYS FOR PLAINTIFF VIVORTE, INC.**

## CERTIFICATE OF SERVICE

I served this memorandum by CM/ECF on all counsel of record on December 13, 2024.

*/s/ Land Murphy*

12