# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

VIVORTE, INC., § 
 § 
 *Plaintiff*, § 
 § 
v. § 
 § CASE NO. 24-CV-1040 (DWF/DLM)
JAGI GILL, § 
 § 
 *Defendant*. § 

## **VIVORTE, INC.'S AMENDED FIRST DISCOVERY REQUESTS**

To: Defendant Jagi Gill, through his attorneys of record:

Samuel W. Diehl
CrossCastle PLLC
14525 Highway 7, Suite 345
Minnetonka, MN 55345

Plaintiff Vivorte, Inc. ("Vivorte") serves the following amended discovery requests on Defendant Jagi Gill pursuant to the Federal Rules of Civil Procedure. Gill must respond within 30 days after the date of service of these discovery requests.

Dated: September 16, 2024      Respectfully submitted,

/s/ Land Murphy

**MURPHY BALL STRATTON LLP**

Land Murphy (admitted *pro hac vice*)
Texas Bar No. 24058010
lmurphy@mbssmartlaw.com
Rick Houghton (admitted *pro hac vice*)
Texas Bar No. 24121678
rhoughton@mbssmartlaw.com
1001 Fannin, Suite 720
Houston, TX 77002
Tel: 412.721.7482

***ATTORNEYS FOR
PLAINTIFF VIVORTE, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that, on September 16, 2024, a true and correct copy of this document was served on all counsel of record via the following email addresses per the parties' agreement: sam.diehl@crosscastle.com and christopher.johnson@crosscastle.com.

/s/ Land Murphy
Land Murphy

## DEFINITIONS

1.      "You," "Your," "Gill," and "Defendant" mean Jagi Gill, his agents, representatives, and any person authorized to act on his behalf.

2.      "Communication" shall have the broadest possible definition under the Federal Rules of Civil Procedure and shall include (by way of illustration), the transmittal of any information by any means, including (by way of illustration), any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in-person or by telephone, facsimile, telegraph, telex, email, instant message or other medium.

3.      "Document" is used in the broadest possible sense permissible under the Federal Rules of Civil Procedure and means each and every written, recorded or graphic matter or material of any kind, type, nature or description (whether tangible hard copy, printed or electronic form).  This includes all hard copy documents, correspondence, memoranda, tapes, stenographic or hand written notes, forms of any kinds, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, telephone records, electronic mail, instant messages, text messages, computer files, computer print outs, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms,

checks, drafts, statements, credit memos, reports, position reports, summaries, surveys, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogues, advertisements, promotional material, films, videotapes, audiotapes, CDs, computer discs or diskettes, brochures, pamphlets and any other written or recorded material however stored, recorded, produced or reproduced (whether intangible, hard copy, printed, or electronic form). This definition shall include drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original document or that are otherwise are not identical to the original documents.

4.    "Relate," "relating to," and "concerning" means referring to, relating to, reflecting, describing, evidencing, concerning, or constituting.

5.    "Person" or "persons" mean natural persons, as well as all other entities, including, but not limited to, corporations, limited liability companies, partnerships, associations, firms, joint ventures, organizations, governmental agencies or bodies or any division, department or unit thereof.

6.    "Vivorte" or "Plaintiff" means Vivorte Inc.

7.    "Acumed" means Acumed LLC, as well as its agents, representatives, and any person authorized to act on its behalf.

8.    "January Agreement" means the document beginning on ACUMED_VIVORTE014184.

9.    "First February Agreement" means the document beginning on ACUMED_VIVORTE016745.

10.    "Second February Agreement" means the document beginning on ACUMED_VIVORTE016183.

11.    "Third February Agreement" means the document beginning on ACUMED_VIVORTE029718.

12.    "February Agreements" means the First February Agreement, Second February Agreement, and Third February Agreement.

13.    "Vivorte Agreements" means the January Agreement and February Agreements.

# INSTRUCTIONS

1.      Produce documents and tangible things in the form as they are kept in the ordinary course of business.

2.      Produce electronically stored information in native format.

3.      For any electronically stored information produced: (a) produce a discovery log that details the type of information, the source of the information, the discovery request to which the information corresponds, and the information's electronic ID number; and (b) write all of the electronically stored information to a storage device such as a CD, DVD, USB, or flash drive.

4.      For electronically stored information, identify every source containing potentially responsive information that Plaintiff is not searching or producing.

5.      If You assert a privilege or immunity of any kind in response to any discovery request, provide the following: (a) the specific grounds for the assertion; (b) the type of material being withheld and, if the material is electronically stored information, the file format of the material; (c) the subject matter of the material; (d) the date of the material; and (d) the names of the persons that sent the material, received the material, or were copied on any communications to which the material was attached.

6.      For any materials that You claim no longer exist or cannot be located, provide the following: (a) a statement identifying the material; (b) a

statement of how and when the material passed out of existence or when it could no longer be located; (c) the reasons for the material's nonexistence or loss; (d) the identity, address, and job title of each person having knowledge about the nonexistence or loss of the material; and (e) the identity of any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

7.    Unless otherwise stated, the time period for which discovery is sought is October 1, 2019 to the present.

## REQUESTS FOR PRODUCTION

1.     All documents and communications related to Vivorte, including all documents and communications sent to or from Your Acumed email account/address and any other email account/address (e.g., Your personal email account/address).

2.     All documents and communications related to negotiations between Acumed and Vivorte.

3.     All documents and communications related to the Vivorte Agreements (including all drafts of the Vivorte Agreements).

4.     Any documents and communications, including any settlement agreement(s), related to the lawsuit styled *Acumed LLC v. Gill*, Case No. 0:21-cv-622 (D. Min. *filed* Mar. 3, 2021).

5.     All documents sufficient to show Your employment duties at Acumed, including each version of Your Acumed employment description.

6.     All documents and communications showing Your full schedule including all appointments, calendar entries, meetings, trips, and travel for the months of January and February 2020.

7.     All expense reports submitted by or for the benefit of You for or related to January and February 2020.

8.      All documents and communications related to Your Acumed employment performance in 2019 and 2020, including but not limited to evaluations, assessments, and reviews.

9.      All monthly, quarterly, and annual statements for each and every bank, investment, retirement, brokerage, or other financial account in which You have had any ownership, beneficial, or equitable interest from the past twelve months to the present.

10.     All pay stubs, payroll records, and other evidence of income from employment (whether employed by another or self-employed) for the past twelve months.

11.     Documents sufficient to identify each and every piece of real and personal property in which You have any ownership or beneficial interest.

12.     All titles for vehicles owned, leased, or financed, including, but not limited to, cars, trucks, motorcycles, boats, and recreational vehicles.

13.     Documents sufficient to identify each and every trust in which You are a beneficiary.

14.     Documents sufficient to identify each and every royalty agreement, including, but not limited to, intellectual property or natural resources, in which you have any ownership or beneficial interest.

15.     Documents sufficient to identify Your ownership of any intellectual property, including patents, trademarks, or copyrights.

16.    Documents sufficient to identify Your cryptocurrency holdings, including Bitcoin, Ethereum, or other digital currencies.

17.    Documents sufficient to show all debts, mortgages, liens, promissory notes, and any other financial obligation for which You are legally responsible to repay in whole or in part.

18.    Documents sufficient to identify each and every entity in which You have had any direct or indirect ownership or beneficial interest from January 1, 2024 to the present.

## INTEROGGATORIES

1.    Describe in detail how the Vivorte Agreements came to be signed. For each Vivorte Agreement, identify:

    a.  The date on which Vivorte's signature came to be affixed to it.

    b.  The person who affixed Vivorte's signature to it.

    c.  The date on which Acumed's signature came to be affixed to it.

    d.  The person who affixed Acumed's signature to it.

    e.  The Acumed employees/officers who had access (electronic or otherwise) to it on or before the date on which Vivorte's signature came to be affixed to it.

    f.  The Acumed employees/officers who were responsible for its version control.

    g.  The communication in which it was transmitted to Vivorte for signature.

    h.  Any communication in which You transmitted any draft of the Vivorte Agreement to Yourself.

    i.  The date on which it was transmitted to Vivorte for signature.

    j.  The Acumed employee/officer who transmitted it to Vivorte for signature.

2.    Describe Your current net worth in dollars and cents.  In doing so, identify each asset and liability that comprises Your current net worth.

## REQUESTS FOR ADMISSION

1.     Admit that You did not transmit the First February Agreement to Vivorte to signature.

2.     Admit that Vivorte did not transmit the First February Agreement to You for signature.

3.     Admit that You did not transmit the Second February Agreement to Vivorte for signature.

4.     Admit that Vivorte did not transmit the Second February Agreement to You for signature.

5.     Admit that You did not transmit the Third February Agreement to Vivorte for signature.

6.     Admit that Vivorte did not transmit the Third February Agreement to You for signature.

7.     Admit that You were employed with Acumed as Vice President of Business Development.

8.     Admit that Mark Wagner signed the January Agreement.

9.     Admit that You affixed Mark Wagner's signature to the First February Agreement.

10.     Admit that You affixed Mark Wagner's signature to the Second February Agreement.

11.    Admit that You affixed Mark Wagner's signature to the Third February Agreement.

12.    Admit that You affixed Sharon Wolfington's digital signature to the January Agreement.