# Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| VIVORTE, INC., | ) | Case No. 24-cv-1040 (DWF/DLM) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S ANSWERS AND** |
| | ) | **RESPONSES TO PLAINTIFF'S** |
| JAGI GILL, | ) | **AMENDED FIRST** |
| | ) | **DISCOVERY REQUESTS** |
| Defendant. | ) | |
| | ) | |

TO: Plaintiff Vivorte, Inc., and its attorneys of record, Land Murphy and Rick Houghton, Murphy Ball Stratton LLP, 1001 Fannin, Suite 720, Houston, Texas 77002

Pursuant to the Federal Rules of Civil Procedure, Defendant Jagi Gill, in response to Plaintiff's Amended First Discovery Requests, provides the following responses:

**GENERAL OBJECTIONS**

All responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

1. All questions as to competency, relevance, materiality, privilege, scope, and admissibility of evidence for any purpose in any subsequent proceeding or the trial of this or any other action.

2. The right to object to the use of any of the responses or the subject matter thereof in any subsequent proceeding or the trial of this or any other action on any grounds.

3. The right to supplement and/or amend these responses as Defendant's investigation, discovery, and preparation for trial continues.

4. Defendant objects generally to the Request for Production of Documents herein to the extent that they seek discovery of:

    a.    Confidential information or documents, except as a suitable protectiveorder is entered;

    b.    Information or documents subject to the attorney-client privilege, pastoral privilege, or any other privilege;

    c.    Information or documents constituting the work product of Defendant or its attorneys;

    d.    Information generated or documents prepared in anticipation of litigation or for trial by or for Defendant or his representatives;

    e.    Information or documents not in the possession or control of Defendant.

5.    Defendant objects p does not accept Plaintiff's instructions and definitions. Defendant will respond to the Requests as required by the Federal Rules of Civil Procedure.

6.    Defendant objects to Plaintiff's Requests to the extent they purport to impose obligations not imposed by the Federal Rules of Civil Procedure.

7.    Defendant objects to Plaintiff's Requests based upon Defendant's best, good faith understanding and interpretation of each item therein. Accordingly, if Defendants subsequently asserts a different interpretation than presently understood by Defendant, Defendant reserves the right to supplement or amend his objections. Likewise, Defendant shall not be prejudiced if any of his present objections are based on an incomplete knowledge or comprehension of the facts, events or occurrences involved in this matter.

8.    Defendant's agreement to produce documents in response to any particular category in these Requests is not a representation or admission that any documents are in fact in Defendant's possession, custody or control, but is instead an agreement to produce such non-privileged documents, if any, as Defendant has located in his possession, custody or control.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in detail how the Vivorte Agreements came to be signed. For each Vivorte Agreement, identify:
  a. The date on which Vivorte's signature came to be affixed to it.
  b. The person who affixed Vivorte's signature to it.
  c. The date on which Acumed's signature came to be affixed to it.
  d. The person who affixed Acumed's signature to it.
  e. The Acumed employees/officers who had access (electronic or otherwise) to it on or before the date on which Vivorte's signature came to be affixed to it.
  f. The Acumed employees/officers who were responsible for its version control.
  g. The communication in which it was transmitted to Vivorte for signature.
  h. Any communication in which You transmitted any draft of the Vivorte Agreement to Yourself.
  i. The date on which it was transmitted to Vivorte for signature.
  j. The Acumed employee/officer who transmitted it to Vivorte for signature.

**ANSWER:** Defendant objects to this compound, duplicative and unduly burdensome interrogatory. This interrogatory seeks to require ten answers regarding four different contracts or drafts of contracts. That amounts to forty discrete subparts. Defendant also objects because the interrogatory and its subparts are vague and ambiguous, including that what Plaintiff means by "Vivorte's signature" and "Acumed's signature." Defendant further objects that this interrogatory seeks information Plaintiff has in its own custody and control and is unduly burdensome, including because of Plaintiff's discovery in the litigation of Plaintiff's Delaware lawsuit against Defendant's prior employer (the "Delaware Action") and Defendant's two depositions taken by Plaintiff in that case. In light of the forgoing, the burden on Defendant to review all of the documents produced in the Delaware Action and to respond to the numerous parts of this interrogatory outweighs any minimal potential benefit of his answer. Subject to and without waiving the foregoing, Defendant states that some or all of the documents referred to in this interrogatory speak for themselves. Defendant also states that he lacks knowledge of information regarding several of this interrogatory's subparts. Defendant further states see the transcripts and

3

exhibits of Plaintiff's depositions of Defendant in the Delaware Action against Defendant's former employer. Discovery and investigation are continuing.

**INTERROGATORY NO. 2:** Describe Your current net worth in dollars and cents. In doing so, identify each asset and liability that comprises Your current net worth.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense, nor is it proportional to the needs of the case. Defendant also objects because the phrases "net worth" and "each asset and liability that comprises Your current net worth" are not defined and are vague and ambiguous. Defendant further objects that the interrogatory has no proper purpose and is apparently served for an improper purpose, including to oppress, embarrass, or improperly invade Defendant's privacy.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents and communications related to Vivorte, including all documents and communications sent to or from Your Acumed email account/address and any other email account/address (e.g., Your personal email account/address).

**RESPONSE:** Defendant objects because this request is overly broad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense. Defendant also objects because this request seeks documents that are not in Defendant's possession or control, some or all of which are already Plaintiff's possession as a result of discovery in the Delaware Action. Defendant further objects to the extent this request seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or another applicable privilege afforded by the law. Subject to and without waiving the foregoing, Defendant states none. Investigation and discovery are continuing. If Defendant discovers any responsive documents, he will produce them.

**REQUEST NO. 2:** All documents and communications related to negotiations between Acumed and Vivorte.

4

**RESPONSE:** Defendant objects because this request is overly broad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense. Defendant also objects to this request because "negotiations between Acumed and Vivorte" is vague and ambiguous as to time and the subject of such negotiations. Defendant also objects because this request seeks documents that are not in Defendant's possession or control, some or all of which are already Plaintiff's possession as a result of discovery in the Delaware Action. Defendant further objects to the extent this request seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or another applicable privilege afforded by the law. Subject to and without waiving the foregoing, Defendant states none. Investigation and discovery are continuing. If Defendant discovers any responsive documents, he will produce them.

**REQUEST NO. 3:** All documents and communications related to the Vivorte Agreements (including all drafts of the Vivorte Agreements).

**RESPONSE:** Defendant objects because this request is overly broad and unduly burdensome. Defendant also objects to this request because Plaintiff's proposed definition and the meaning and scope of the phrases "Vivorte Agreements" and "all drafts of the Vivorte Agreements" in the request are vague and ambiguous. Defendant also objects because this request seeks documents that are not in Defendant's possession or control, some or all of which are already Plaintiff's possession as a result of discovery in the Delaware Action. Defendant further objects to the extent this request seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or another applicable privilege afforded by the law. Subject to and without waiving the foregoing, Defendant states none. Investigation and discovery are continuing. If Defendant discovers any responsive documents, he will produce them.

**REQUEST NO. 4:** Any documents and communications, including any settlement agreement(s), related to the lawsuit styled *Acumed LLC v. Gill*, Case No. 0:21-cv-622 (D. Min. filed Mar. 3, 2021).

**RESPONSE:** Defendant objects because this request is overly broad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant further objects to the extent that this Request seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or another applicable privilege afforded by the law. Defendant further objects that this request has no proper purpose and is apparently served for an improper purpose, including to oppress, embarrass, or improperly invade Defendant's privacy.

**REQUEST NO. 5:** All documents sufficient to show Your employment duties at Acumed, including each version of Your Acumed employment description.

**RESPONSE:** Defendant objects because this request is overly broad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant further objects to the extent that this Request seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or another applicable privilege afforded by the law. Defendant further objects that the interrogatory has no proper purpose and is apparently served for an improper purpose, including to oppress, embarrass, or improperly invade Defendant's privacy.

**REQUEST NO. 6:** All documents and communications showing Your full schedule including all appointments, calendar entries, meetings, trips, and travel for the months of January and February 2020.

**RESPONSE:** Defendant objects because this request is overly broad and unduly burdensome. Defendant also objects to this request because the meaning of the phrase "Your full schedule" in the request is vague and ambiguous. Defendant also objects because this request seeks documents that are not in Defendant's possession or control, some or all of which are already Plaintiff's possession as a result of discovery in the Delaware Action. Defendant further objects to

the extent this request seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or another applicable privilege afforded by the law. Subject to and without waiving the foregoing, Defendant states none. Investigation and discovery are continuing. If Defendant discovers any responsive documents, he will produce them.

**REQUEST NO. 7:** All expense reports submitted by or for the benefit of You for or related to January and February 2020.

**RESPONSE:** Defendant objects because this request is overly broad and unduly burdensome/ Defendant also objects because this request seeks documents that are not in Defendant's possession or control, some or all of which are already Plaintiff's possession as a result of discovery in the Delaware Action. Defendant further objects to the extent this request seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or another applicable privilege afforded by the law. Subject to and without waiving the foregoing, Defendant states none. Investigation and discovery are continuing. If Defendant discovers any responsive documents, he will produce them.

**REQUEST NO. 8:** All documents and communications related to Your Acumed employment performance in 2019 and 2020, including but not limited to evaluations, assessments, and reviews.

**RESPONSE:** Defendant objects because this request is overly broad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant also objects because this request seeks documents that are not in Defendant's possession or control, some or all of which are already Plaintiff's possession as a result of discovery in the Delaware Action. Defendant further objects to the extent this request seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or another applicable privilege afforded by the law. Finally, Defendant further

objects because this request has no proper purpose and is apparently served for an improper purpose, including to oppress, embarrass, or improperly invade Defendant's privacy.

**REQUEST NO. 9:** All monthly, quarterly, and annual statements for each and every bank, investment, retirement, brokerage, or other financial account in which You have had any ownership, beneficial, or equitable interest from the past twelve months to the present.

**RESPONSE:** Defendant objects because this request is overly broad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant also objects because this request has no proper purpose and is apparently served for an improper purpose, including to oppress, embarrass, or improperly invade Defendant's privacy.

**REQUEST NO. 10:** All pay stubs, payroll records, and other evidence of income from employment (whether employed by another or self-employed) for the past twelve months.

**RESPONSE:** Defendant objects because this request is overly broad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant also objects because this request has no proper purpose and is apparently served for an improper purpose, including to oppress, embarrass, or improperly invade Defendant's privacy.

**REQUEST NO. 11:** Documents sufficient to identify each and every piece of real and personal property in which You have any ownership or beneficial interest.

**RESPONSE:** Defendant objects because this request is overly broad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant also objects because this request has no proper purpose and is apparently served for an improper purpose, including to oppress, embarrass, or improperly invade Defendant's privacy.

**REQUEST NO. 12:** All titles for vehicles owned, leased, or financed, including, but not limited to, cars, trucks, motorcycles, boats, and recreational vehicles.

**RESPONSE:** Defendant objects because this request is overly broad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant also objects because this request has no proper purpose and is apparently served for an improper purpose, including to oppress, embarrass, or improperly invade Defendant's privacy.

**REQUEST NO. 13:** Documents sufficient to identify each and every trust in which You are a beneficiary.

**RESPONSE:** Defendant objects because this request is overly broad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant also objects because this request has no proper purpose and is apparently served for an improper purpose, including to oppress, embarrass, or improperly invade Defendant's privacy.

**REQUEST NO. 14:** Documents sufficient to identify each and every royalty agreement, including, but not limited to, intellectual property or natural resources, in which you have any ownership or beneficial interest.

**RESPONSE:** Defendant objects because this request is overly broad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant also objects because this request has no proper purpose and is apparently served for an improper purpose, including to oppress, embarrass, or improperly invade Defendant's privacy.

**REQUEST NO. 15:** Documents sufficient to identify Your ownership of any intellectual property, including patents, trademarks, or copyrights.

**RESPONSE:** Defendant objects because this request is overly broad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense, nor proportional to the

needs of the case. Defendant also objects because this request has no proper purpose and is apparently served for an improper purpose, including to oppress, embarrass, or improperly invade Defendant's privacy.

**REQUEST NO. 16:** Documents sufficient to identify Your cryptocurrency holdings, including Bitcoin, Ethereum, or other digital currencies.

**RESPONSE:** Defendant objects because this request is overly broad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant also objects because this request has no proper purpose and is apparently served for an improper purpose, including to oppress, embarrass, or improperly invade Defendant's privacy.

**REQUEST NO. 17:** Documents sufficient to show all debts, mortgages, liens, promissory notes, and any other financial obligation for which You are legally responsible to repay in whole or in part.

**RESPONSE:** Defendant objects because this request is overly broad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant also objects because this request has no proper purpose and is apparently served for an improper purpose, including to oppress, embarrass, or improperly invade Defendant's privacy.

**REQUEST NO. 18:** Documents sufficient to identify each and every entity in which You have had any direct or indirect ownership or beneficial interest from January 1, 2024 to the present.

**RESPONSE:** Defendant objects because this request is overly broad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant also objects because this request has no proper purpose and is apparently served for an improper purpose, including to oppress, embarrass, or improperly invade Defendant's privacy.

## RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that You did not transmit the First February Agreement to Vivorte to signature.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague, ambiguous, and apparently suffers from a typographical error in the phrase "to Vivorte to signature." Subject to and without waiving the foregoing, Defendant cannot understand or respond to this request. To the extent a response is necessary, deny.

**REQUEST NO. 2:** Admit that Vivorte did not transmit the First February Agreement to You for signature.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous and appears to ask Defendant to admit that Vivorte did not transmit an agreement for Defendant to sign. Subject to and without waiving the foregoing, admit.

**REQUEST NO. 3:** Admit that You did not transmit the Second February Agreement to Vivorte for signature.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous and does not define or explain to whom or for whose signature the referenced agreement was to be or was transmitted. Subject to and without waiving the foregoing, Admit.

**REQUEST NO. 4:** Admit that Vivorte did not transmit the Second February Agreement to You for signature.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous and appears to ask Defendant to admit that Vivorte did not transmit an agreement for Defendant to sign. Subject to and without waiving the foregoing, admit.

**REQUEST NO. 5:** Admit that You did not transmit the Third February Agreement to Vivorte for signature.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous and does not define or explain to whom or for whose signature the referenced agreement was to be or was transmitted. Subject to and without waiving the foregoing, admit.

**REQUEST NO. 6:** Admit that Vivorte did not transmit the Third February Agreement to You for signature.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous and appears to ask Defendant to admit that Vivorte did not transmit an agreement for Defendant to sign. Subject to and without waiving the foregoing, admit.

**REQUEST NO. 7:** Admit that You were employed with Acumed as Vice President of Business Development.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous as to time. Subject to the foregoing, deny.

**REQUEST NO. 8:** Admit that Mark Wagner signed the January Agreement.

**RESPONSE:** Defendant is without knowledge or information sufficient to admit or deny this request and, therefore, deny.

**REQUEST NO. 9:** Admit that You affixed Mark Wagner's signature to the First February Agreement.

**RESPONSE:** Deny.

**REQUEST NO. 10:** Admit that You affixed Mark Wagner's signature to the Second February Agreement.

**RESPONSE:** Deny.

**REQUEST NO. 11:** Admit that You affixed Mark Wagner's signature to the Third February Agreement.

**RESPONSE:** Deny.

**REQUEST NO. 12:** Admit that You affixed Sharon Wolfington's digital signature to the January Agreement.

**RESPONSE:** Deny.

Dated: October 16, 2024        **CROSSCASTLE PLLC**

By:    s/Samuel W. Diehl
    Samuel W. Diehl (#388371)
    Christopher R. Johnson (#402005)
14525 Highway 7, Ste 345
Minnetonka, MN 55345
P: (612) 429-8100
F: (612) 234-4766
sam.diehl@crosscastle.com
christopher.johnson@crosscastle.com

***ATTORNEYS FOR DEFENDANT JAGI GILL***

4895-5926-3984, v. 2

13

## VERIFICATION

I, Jagi Gill, have read the foregoing interrogatories and the answers to those interrogatories, which are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 16th day of October, 2024.

_____
Jagi Gill

4895-5926-3984, v. 2